IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

| | |
|---|---|
| **1985 RUTGERS SOLAR, LLC,** )<br>)<br>Plaintiff,                )<br>)<br>)<br>)<br>v.                              )<br>)<br>)<br>)<br>)<br>)<br>**TRINA SOLAR (U.S.), INC. and TRINA** )<br>**SOLAR CO., LTD. f/k/a CHANGZHOU** )<br>**TRINA SOLAR ENERGY CO., LTD.,** )<br>)<br>Defendants.              ) | **Civil Action No: 22-cv-6689-MAS-TJB**<br><br><br>**ANSWER OF DEFENDANT TRINA SOLAR (U.S.), INC.** |

COMES NOW Defendant Trina Solar (U.S.), Inc. ("Trina U.S."), by and through its undersigned counsel, and answers Plaintiff 1985 Rutgers Solar, LLC's ("Plaintiff" or "1985 Rutgers") Complaint (the "Complaint") as follows[1]:

## **THE PARTIES**[2]

1. In response to Paragraph 1, Trina U.S. states that none of the allegations pertain to Trina U.S. and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations

---

[1] By way of general response, all allegations in the Complaint are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith. To the extent that any specific allegations made, or intended to be made, are not specifically admitted, they are denied. Trina U.S. reserves the right to amend this Answer and to supplement or change this Answer if appropriate following further discovery in this matter. The foregoing is incorporated into each paragraph of this Answer.

[2] Trina U.S. has reproduced herein the headings and sub-headings contained in the Complaint solely as a matter of convenience. To the extent that any such heading or sub-heading is deemed to contain any allegations, such allegations are denied.

contained therein and, on that basis, denies them.

2. In response to Paragraph 2, Trina U.S. admits only that Defendant Trina Solar Co., Ltd. f/k/a Changzhou Trina Solar Energy Co., Ltd. ("Trina Ltd.") is a foreign corporate entity. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 2.

3. In response to Paragraph 3, Trina U.S. admits only that Trina U.S. is a corporate entity. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 3. Further responding, the address of Trina U.S.'s principal place of business is 7100 Stevenson Blvd., Fremont, CA 94538.

## JURISDICTION AND VENUE

4. In response to Paragraph 4, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them.

5. In response to Paragraph 5, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them.

## STATEMENT OF FACTS

6. In response to Paragraph 6, Trina U.S. states that none of the allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

7. In response to Paragraph 7, Trina U.S. admits that Defendants are involved in the development, production, and/or sales of solar modules and related products, but states that the

allegations are vague and conclusory and conflate various entities' roles in the research, development, production, and/or sales of solar modules. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 7.

8.  In response to Paragraph 8, Trina U.S. states that the referenced webpage and warranty speak for themselves and denies any allegations inconsistent therewith. Trina U.S. further responds that Plaintiff omits reference to any specific warranty applicable to the product purchased by Plaintiff, or any obligations, limitations, or exclusions under such warranty. Trina U.S. further states that Paragraph 8 conflates multiple Defendants and fails to allege which, if any, Defendant offered any warranty applicable to the product purchased by Plaintiff, or which Defendant purportedly made the statements referenced in Paragraph 8.

9.  In response to Paragraph 9, Trina U.S. admits only that modules, inverters, and a racking system are generally components of a given solar panel system. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 9.

10. In response to Paragraph 10, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 regarding all "[t]raditional Crystalin Solar modules." Further responding, Trina U.S. admits that "crystalline" photovoltaic solar panels capture sunlight and cause electrons in the panels' silicon cells to release energy, which is captured by an inverter for use in homes and businesses. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 10 as stated.

11. In response to Paragraph 11, Trina U.S. admits that a backsheet encapsulates and protects crystalline solar panels from moisture penetration. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 11 as stated.

12. In response to Paragraph 12, Trina U.S. states that the allegations in Paragraph 12 consist of vague, argumentative, and conclusory allegations that are not specific to Defendants or the facts at issue and, thus, no response is required. To the extent a response is required, Trina U.S. denies the allegations in Paragraph 12 and, specifically, that "electrical currents" traveled outside of any solar modules at issue "causing a threat to human life."

13. In response to Paragraph 13, Trina U.S. states that the allegations in Paragraph 13 consist of vague, argumentative, and conclusory allegations that are not specific to Defendants or the facts at issue and, thus, no response is required. To the extent a response is required, Trina U.S. states that failure of a backsheet may theoretically cause water penetration into solar modules. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 13 and, specifically, that any modules at issue caused "corrosion and short circuits that le[d] to 'thermal events,' including life-threatening property fires."

14. In response to Paragraph 14, Trina U.S. states that the allegations in Paragraph 14 contain vague and conclusory assertions that are not specific to any Defendant, such that no response is required. To the extent a response is required, Trina U.S. lacks sufficient information to form a belief as to the truth or falsity of the allegations, and, on that basis, denies them.

15. Trina U.S. denies the allegations in Paragraph 15.

16. Trina U.S. denies the allegations in Paragraph 16.

17. In response to Paragraph 17, Trina U.S. states that none of the allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, on that basis, denies them. Trina U.S. specifically denies that any modules at issue caused "harm to person and property."

18. Trina U.S. denies the allegations in Paragraph 18.

19. In response to Paragraph 19, Trina U.S. admits only that an entity known as Absolutely Energized Solar Electric, Inc. (hereinafter, "AES") contracted with Trina U.S. in 2011 to purchase 2128 TR1N-235AMountIII-A-PA5.10 modules along with a corresponding racking system. In further response to Paragraph 19, Trina U.S. states that none of the remaining allegations pertain to Defendants and a response is therefore not required. To the extent a further response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

20. In response to Paragraph 20, Trina U.S. admits that certain types of solar modules manufactured by Trina Ltd. during certain time periods were compatible with mounting systems licensed by ZEP Solar, Inc. as part of a licensing, sales, and marketing agreement with ZEP Solar, Inc. Further responding, Plaintiff quotes an uncited document, which speaks for itself, and Trina U.S. denies any allegations inconsistent therewith. Trina U.S. further responds that none of the remaining allegations pertain to Defendants and a response is therefore not required. To the extent a further response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, on that basis, denies them.

21. In response to Paragraph 21, Trina U.S. admits that certain types of solar modules manufactured by Trina Ltd. during certain time periods were compatible with mounting systems licensed by ZEP Solar, Inc. as part of a licensing, sales, and marketing agreement with ZEP Solar, Inc. Trina U.S. further responds that none of the remaining allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina

U.S. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and, on that basis, denies them.

22. In response to Paragraph 22, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them. Trina U.S. cannot presently assess whether AES or some other entity ultimately bore financial responsibility, or the amount of such responsibility borne by AES, for any solar modules purchased from Defendants.

23. In response to paragraph 23, Trina U.S. denies that Trina U.S. issued a Limited Warranty for product purchased by AES. Further responding, Trina U.S. admits that Trina Ltd. issues express Limited Warranties for various products it manufactures, which are subject to numerous obligations, exclusions, and limitations. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 23 as stated.

24. In response to Paragraph 24, Trina U.S. states that the referenced warranty speaks for itself and denies any allegations inconsistent therewith.

25. In response to Paragraph 25, Trina U.S. states that none of the allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

26. In response to Paragraph 26, Trina U.S. states that none of the allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

27. In response to Paragraph 27, Trina U.S. states that none of the allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

28. In response to Paragraph 28, Trina U.S. states that none of the allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

29. In response to the first sentence of Paragraph 29, Trina U.S. admits only that on February 21, 2022, an entity named AEPS Electric, LLC purported to submit a warranty claim to Trina Ltd. and that subsequent correspondence occurred between this entity and Defendants concerning this warranty claim. In response to the second sentence of Paragraph 29, Trina U.S. admits only that, on March 2, 2022, an individual known or believed to be affiliated with AEPS Electric, LLC requested by email that "a Trina representative come out to evaluate and take down the additional serial numbers of affected modules." Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 29.

30. In response to Paragraph 30, Trina U.S. admits only that Defendants requested that 1985 Rutgers provide the requisite documentation concerning its purported warranty claims, as required to provide timely and adequate notice of claims, which 1985 Rutgers had not provided. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 30.

31. Trina U.S. denies the allegations in Paragraph 31.

32. In response to Paragraph 32, Trina U.S. admits only that an individual known or believed to be affiliated with AEPS Electric, LLC requested the phone number of the "Senior Technical Service Supervisor" with whom she was communicating with respect to the warranty claim. AEPS Electric, LLC's representative was advised that "Trina's technical services department tries to maintain conversations over email," and was provided further explanation for this communication preference. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 32.

33. Trina U.S. denies the allegations in Paragraph 33.

34. In response to Paragraph 34, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them.

35. In response to the first sentence of Paragraph 35, Trina U.S. admits that Defendants engaged in correspondence concerning the warranty claims at issue with individuals known or believed to be affiliated with AEPS Electric, LLC. Defendants requested information that was required for proper and timely notice, but was not originally or timely provided by Plaintiff. In response to the second sentence of Paragraph 35, Trina U.S. admits only that an individual known or believed to be affiliated with AEPS Electric, LLC provided limited photographic documentation by email and cloud-based file transfer on April 20, 2022, after which Defendants requested further documentation required for Plaintiff's warranty claims. Answering further, an individual known or believed to be affiliated with AEPS Electric, LLC replied, stating that "[w]e consider this this to be a single claim since the backstreet [*sic*] failure would certainly account for water infiltration and the cooroding [*sic*] buss bars." Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 35.

36. Trina U.S. denies the allegations in Paragraph 36.

37. In response to Paragraph 37, Trina U.S. admits only that Defendants requested that individuals known or believed to be affiliated with AEPS Electric, LLC provide the serial numbers of the modules at issue, which is an express condition to provide proper and timely notice of 1985 Rutgers's warranty claims. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 37.

38. In response to Paragraph 38, Trina U.S. admits that Plaintiff did not provide "all module serial numbers being claimed" as required to provide proper and timely notice of warranty claims. Instead, individuals known or believed to be affiliated with AEPS Electric, LLC provided only certain purchase-related information, stating: "giving [Trina Ltd.] the serial numbers off of a couple thousand modules is an unreasinable [*sic*] request. We were able to find the original PO's with container numbers etc." Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 38.

39. In response to Paragraph 39, Trina U.S. states that the referenced communication speaks for itself and denies any allegations inconsistent therewith. Trina U.S. further responds that Defendants requested information required for 1985 Rutgers to provide proper and timely notice of warranty claims.

40. In response to Paragraph 40, Trina U.S. admits only that individuals known or believed to be affiliated with AEPS Electric, LLC provided 2,131 serial numbers by emails dated March 14, 2022. None of the remaining allegations in Paragraph 40 pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

41. Trina U.S. denies the allegations in Paragraph 41.

42. In response to Paragraph 42, Trina U.S. denies that 1985 Rutgers provided all "information requested" as required to provide proper and timely notice of warranty claims. Trina U.S. admits that, on April 12, 2022, an individual known or believed to be affiliated with AEPS Electric, LLC provided a Dropbox link containing a "Backsheet Defects folder including requested [pictures]" to Defendants. Further responding, on April 12, 2022, a representative of Defendants stated that she would be on vacation, but that AEPS Electric, LLC could "expect [her] response middle to end of next week." Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 42.

43. Trina U.S. denies the allegations in Paragraph 43.

44. In response to Paragraph 44, Trina U.S. denies that Defendants "agreed that 1985 Rutgers Solar's claim was covered under its Warranty." Further responding, Trina U.S. admits that, in an email dated May 2, 2022, Defendants informed individuals known or believed to be affiliated with AEPS Electric, LLC that, notwithstanding defects in the documentation, Trina Ltd. offered to accept "a reduced amount of evidence" from Plaintiff on a one-time basis and provided an "Acceptance of Claim Solution" to be signed by Plaintiff or Plaintiff's agents or representatives to accept Defendants' offer. Plaintiff rejected Defendants' offer and did not execute the form. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 44.

45. In response to Paragraph 45, Trina U.S. admits that the AOCS offer provided for a full release upon payment of $173,794.27. Plaintiff rejected Defendants' offer and refused to accept Defendants' proposed remedy. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 45 as stated.

46. In response to Paragraph 46, Trina U.S. denies Plaintiff's characterization of the relevant claim as being "accepted as falling under the warranty." Further responding, Trina U.S. states that the referenced mathematical calculations speak for themselves and denies any allegations inconsistent therewith. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 46.

47. In response to the first and second sentences of Paragraph 47, Trina U.S. admits only that an individual known or believed to be affiliated with AEPS Electric, LLC sent an email on April 20, 2022 stating, in relevant part, that he "would appreciate your setting up a conference call with the folks analyzing the claim so that I can better understand what more they need to understand." The same individual emailed on April 21, 2022 stating, in relevant part, that he "would like to insist that we have a call to begin discussing resolution methods and strategies." Trina U.S. further responds that it presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, including with respect to Plaintiff's motivations for a call with Defendants and, on that basis, denies those allegations. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 47.

48. In response to Paragraph 48, Trina U.S. responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding an unspecified "call between the parties," and denies the allegations on that basis. Further responding, Trina U.S. admits that a call occurred between an individual known or believed to be affiliated with AEPS Electric, LLC; Plaintiff's legal counsel; and affiliates of Defendants. The parties discussed certain matters pertaining to 1985 Rutgers's warranty claims. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 48.

49. In response to the first sentence of Paragraph 49, Trina U.S. responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding an unspecified "call between the parties," and denies the allegations on that basis. To the extent a further response is required, Trina U.S. denies the allegations in the first sentence as stated. Trina U.S. admits that discussions occurred between the parties regarding, among other issues affecting product manufacturing and shipment, the impact of an ongoing trade case and the potential for prohibitive tariffs on imports. In response to the second sentence of Paragraph 49, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them as stated. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 49.

50. In response to Paragraph 50, Trina U.S. admits that the email was sent. Further responding, the referenced email speaks for itself, and Trina U.S. denies any allegations inconsistent therewith.

51. In response to Paragraph 51, Trina U.S. denies the allegation as stated. Further responding, the parties discussed potential timing of delivery of replacement modules. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 51.

52. In response to Paragraph 52, Trina U.S. denies the allegation as stated. Further responding, Defendants did not refuse to commit to a delivery date at any time. On May 19, 2022, Defendants stated only that "the date when these modules will be available cannot be determined at this time," but in subsequent correspondence projected delivery in Q2 of 2023. Defendants also offered an alternative remedy of a credit as an alternative to replacement

modules. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 52.

53. In response to Plaintiff's assertion in Paragraph 53 that the executive order in question "seemed to protect the defendant from the immediate effects of the related Chinese module trade case," Trina U.S. states that that assertion is a legal conclusion or argument not subject to admission or denial and, to the extent it does require a response, Trina U.S. denies it. In response to the remainder of Paragraph 53, Trina U.S. admits that such email was sent. Further responding, Trina U.S. states that the referenced email speaks for itself and denies any allegations inconsistent therewith.

54. In response to Paragraph 54, Trina U.S. admits that the referenced email was sent. Further responding, Trina U.S. states that the referenced email speaks for itself and denies any allegations inconsistent therewith. Further responding, Defendants offered replacement product projected for delivery in Q2 of 2023, or a credit in lieu of replacement product. Plaintiff refused both alternative offers and filed a lawsuit. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 54.

55. In response to Paragraph 55, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial. To the extent Paragraph 55 requires a response, Trina U.S. denies the allegations.

56. In response to Paragraph 56, Trina U.S. admits only that Trina Ltd. offered a monetary credit as an alternative to module replacement in respect of the warranty claims at issue in this litigation, which Plaintiff rejected. Other than as specifically admitted herein, Trina U.S. denies the allegations in Paragraph 56.

57. In response to Paragraph 57, Trina U.S. states that none of the allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

58. In response to Paragraph 58, Trina U.S. denies Plaintiff's contention that "the defendants have refused to consider the cost of new racking material." In response to the remaining allegations in Paragraph 58, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them.

## COUNT I – BREACH OF CONTRACT

59. In response to Paragraph 59, Trina U.S. incorporates by reference its responses to Paragraphs 1 through 58 of the Complaint.

60. In response to Paragraph 60, Trina U.S. states that the referenced agreement and any warranty applicable to the product speak for themselves, and Trina U.S. denies any allegations inconsistent therewith.

61. Trina U.S. denies the allegations in Paragraph 61.

62. Trina U.S. denies the allegations in Paragraph 62.

63. In response to Paragraph 63, Trina U.S. states that none of the allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

## DEMAND – COUNT I

Trina U.S. states that the allegations contained in this paragraph are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them. Trina U.S. denies that Plaintiff is entitled to a judgment against either Defendant, costs of its suit, or any legal costs or equitable relief.

## COUNT II – NEGLIGENCE

64.     In response to Paragraph 64, Trina U.S. incorporates by reference its responses to Paragraphs 1 through 63 of the Complaint.

65.     In response to Paragraph 65, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them.

66.     Trina U.S. denies the allegations in Paragraph 66.

67.     In response to Paragraph 67, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them.

## DEMAND – COUNT II

Trina U.S. states that the allegations contained in this paragraph are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them. Trina U.S. denies that Plaintiff is entitled to a judgment against either Defendant, costs of its suit, or any legal costs or equitable relief.

## COUNT III – BREACH OF GOOD FAITH AND FAIR DEALING

68.     In response to Paragraph 68, Trina U.S. incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint.

69. In response to Paragraph 69, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them.

70. In response to Paragraph 70, Trina U.S. states that the allegations contained therein are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them.

71. In response to Paragraph 71, Trina U.S. states that none of the allegations pertain to Defendants and a response is therefore not required. To the extent a response is required, Trina U.S. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

## DEMAND – COUNT III

Trina U.S. states that the allegations contained in this paragraph are legal conclusions or arguments not subject to admission or denial and, to the extent they do require a response, Trina U.S. denies them. Trina U.S. denies that Plaintiff is entitled to a judgment against either Defendant, costs of its suit, or any legal costs or equitable relief.

## SPECIAL DEFENSES

Without assuming the burden of proof on any matters where the burden rests on Plaintiff, and without admitting any fact or facts alleged by Plaintiff other than as previously set forth herein, Trina U.S. asserts the following special defenses with respect to the claims that Plaintiff purports to assert in the Complaint:

*First Special Defense*

Plaintiff fails to allege facts sufficient to state any claim against Trina U.S. upon which relief can be granted.

*Second Special Defense*

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

*Third Special Defense*

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

*Fourth Special Defense*

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

*Fifth Special Defense*

Plaintiff is barred from recovery by its failure to mitigate or minimize injury and damages, if any, including, but not limited to, by Plaintiff's failure to cover and rejection of contractual remedies offered to it by Defendants.

*Sixth Special Defense*

Plaintiff's claims are barred, in whole or in part, because all of Trina U.S.'s actions challenged by Plaintiff were permitted under and complied with the applicable warranty agreement and other relevant contractual agreements between the parties.

*Seventh Special Defense*

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

*Eighth Special Defense*

The claims asserted in the Complaint are or will be barred to the extent that they have been settled, compromised, released, or otherwise discharged.

*Ninth Special Defense*

Plaintiff's claims are barred, in whole or in part, because one or both of Defendants is or are not the proper parties in interest against whom Plaintiff's claims should be brought.

*Tenth Special Defense*

Plaintiff lacks standing to assert claims for breach of the applicable warranty, and cannot otherwise maintain its claims, because Plaintiff is not the "first customer installing (for its own use)," the "Buyer" (as such term is defined in the relevant warranty documents), or otherwise the end user of the solar modules at issue, and thus cannot properly assert claims under the applicable warranty agreement and other relevant contractual agreements between the parties.

*Eleventh Special Defense*

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to fulfill a condition or conditions precedent to obtaining relief under the applicable warranty agreement or otherwise failed to fully abide by the terms of the applicable warranty agreement.

*Twelfth Special Defense*

Plaintiff's claims are barred, in whole or in part, because Plaintiff seeks relief which it expressly waived under the applicable warranty agreement and other relevant contractual documents, or to which Plaintiff is otherwise not entitled.

*Thirteenth Special Defense*

Plaintiff's claims are barred, in whole or in part, by the failure to provide adequate and timely notice of claims.

*Reservation of Right to Assert Additional Defenses*

Trina U.S. has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other affirmative defenses as may become available, apparent or appropriate during discovery. Trina U.S. further reserves the right to amend its answer and affirmative defenses, and to delete affirmative defenses that it determines during the course of discovery are not applicable.

Dated: January 13, 2023

Respectfully submitted,

**TRINA SOLAR (U.S.), INC.**

_____
Ruofei Xiang
**MAZZOLA LINDSTROM LLP**
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
ruofei@mazzolalindstrom.com
347.280.8432

-and-

**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, California 92612-4408
Richard J. Grabowski (admitted *pro hac vice*)
949.553.7514
rgrabowski@jonesday.com

555 South Flower Street, 50th Floor
Los Angeles, California 90071-2300
David A. Ciarlo (admitted *pro hac vice*)
213.243.2769
dciarlo@jonesday.com

100 High Street, 21st Floor
Boston, Massachusetts 02110-1781
Ryan D. Class (admitted *pro hac vice*)
617.449.6804
rclass@jonesday.com

*Attorneys for Defendant Trina Solar (U.S.), Inc.*